# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN PAUL JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>I.R.S., )<br>)<br>Defendant. ) | Civil Action No. 23-199J<br>Magistrate Judge Maureen P. Kelly |

## DEFICIENCY ORDER

Plaintiff Jonathan Paul Jones ("Plaintiff") is a state prisoner currently incarcerated at the State Correctional Institution at Somerset ("SCI-Somerset") in Somerset, Pennsylvania. Plaintiff submitted what appears to be a civil rights complaint without filing fee or a motion for leave to proceed *in forma pauperis* ("IFP").

The above-captioned matter will not be processed for failure to comply with the Federal Rules of Civil Procedure, statutory requirements and/or our Local Rules and/or practices. The submission of the IFP Motion and Complaint is deficient in the following respects:

  X   Failure to pay the required filing fee OR to complete the Court's form motion to proceed *in forma pauperis*. Plaintiff must pay the full filing fee OR move for leave to proceed *in forma pauperis*. A blank copy of the Court's form motion to proceed *in forma pauperis* will be mailed to Plaintiff along with this Order.

  X   Failure to provide a properly completed Consent to Jurisdiction of Magistrate Judge form. Plaintiff is directed to sign the form once, either consenting to a Magistrate Judge pursuant to Section 636(c)(1) of Title 28 OR requesting that this case be assigned to a District Judge pursuant to Section 636(c)(2) of Title 28. A blank Consent to Jurisdiction of Magistrate Judge form will be mailed to Plaintiff along with this Order.

If Plaintiff intends to move for leave to proceed *in forma pauperis*, he must also submit the following with his motion.

  __X__    A certified copy of Plaintiff's trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. A blank copy of the certification form will be mailed to Plaintiff along with this order.

  __X__    An authorization form authorizing the withdrawal of funds from an inmate account to satisfy the filing fee payment requirement pursuant to 28 U.S.C. § 1915. A blank copy of this authorization form will be mailed to Petitioner along with this Order.

Plaintiff also has failed to provide a complaint that complies with the Federal Rules of Civil Procedure. Therefore, it is necessary for Plaintiff to file an amended complaint that complies with the Rules and the following instructions.

<h3 style="text-align:center"><u>Instructions for Filing an Amended Complaint</u></h3>

**A.**     <u>**Caption and Heading**</u>

The caption should include the name of the court, the parties, their capacities (i.e., whether they are being sued in their individual or representative (official) capacity), and the title of the pleading (i.e., amended complaint). To do this, Plaintiff must place his full name at the top left of the amended complaint and also add the names of each defendant. Plaintiff must name as defendants **only** those persons who are responsible for the alleged constitutional violation(s).

Importantly, Plaintiff must show personal involvement in the alleged wrongdoing by each defendant. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). Thus, **Plaintiff should not name as a defendant in this action "Every Correctional Officer and Staff."** See, e.g., Mitchell v. Jones, No. 21-cv-131, 2022 WL 2063256, *2 (W.D. Pa. June 8, 2022) (plaintiff's allegations that defendants collectively violated his constitutional rights did not state a claim against any defendant because to state a viable claim against a defendant the plaintiff must allege that defendant's personal involvement). Plaintiff may name John or Jane Doe defendants, but

must make allegations of fact in the amended compliant regarding how those Doe defendants allegedly harmed Plaintiff.

**B.     Parties**

As the person initiating the lawsuit, Plaintiff must identify himself as such. Also, for **each** defendant named in the amended complaint, Plaintiff should list their current address and description of their employment. In addition, Plaintiff should explain briefly how or in what capacity each defendant acted under authority given to them by state or local government.

**C.     Jurisdiction**

Because federal court is a court of limited jurisdiction, Plaintiff must inform the Court why the case should be heard in federal court rather than state court or some other forum.

**D.     Statement of Claim**

This is the time to present the facts of the case: what happened, where it happened, when it happened, how it happened and who was involved. In this section, Plaintiff should write a summary of the facts relevant to this lawsuit. Additionally, any document referred to in this section must be cited as an exhibit and attached at the end of the amended complaint.

In this section, Plaintiff must provide specific details of precisely how his civil rights were allegedly violated. Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. Plaintiff should clearly describe how **each named defendant** is involved in the alleged constitutional violation(s). This description should include references to relevant **dates, times, and locations**. It should explain to the Court what happened by specifically describing **each** defendant's behavior or action and how that behavior or action—or lack of action—resulted in the alleged violations. Plaintiff should not include legal argument in his amended complaint. Citations to case law and other statutes are not

appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial. However, Plaintiff should be specific about the particulars of the event, **each** defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

Where the amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description—usually a paragraph—for each incident. Each incident should be identified as a separate count, and each count must include appropriate facts and evidence in support of the claims made in the count. Each incident must be clearly and specifically described; it should include the relevant time, date, and location. Each incident description also should clearly identify the relevant defendant and what that defendant's role was in the incident. Additionally, the amended complaint should set forth factual allegations that, taken together, satisfy the elements of the cause of action.

**E.**   **Injury**

Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged civil rights violation. Simply stating that his civil rights have been violated is insufficient.

**F.**   **Previous Lawsuits**

Plaintiff must alert the Court to any other case in which he was a party that may be connected with the case he is now filing. Plaintiff should inform the Court of any and all previously filed cases that include some of the same facts and events he relies on for this case.

**G.**   **Request for Relief**

Plaintiff must describe for the Court the relief he is seeking as a result of this lawsuit. The relief requested must be related specifically to the injury suffered.

**H.     Jury Demand**

Federal Rule of Civil Procedure 38(b) provides that a jury demand must be made if a jury trial is sought. If this is not done, Plaintiff has within fourteen (14) days of filing the amended complaint to make a jury trial demand, otherwise he may be considered to have given up the right to a jury.

**I.     Declaration Under Penalty of Perjury**

Federal Rule of Civil Procedure 11 provides that every pleading, written motion, and other paper must be signed by an individual attorney of record or by the pro se party. Therefore, Plaintiff must sign his amended complaint and when doing so he is making a declaration under law to the Court that everything in the amended complaint is true. Plaintiff should realize that the Court can order sanctions or penalties for the filing of complaints and pleadings that are frivolous, without merit, based on false or misleading information, etc. These sanctions or penalties can take many forms including, but not limited to, dismissing the case, assessing fines, and limiting Plaintiff's filing privileges in federal court.

**IT IS HEREBY ORDERED** that the consent form and amended complaint that complies with the instructions above, along with either (1) the full $350.00 filing fee and $52.00 administrative fee[1] (totaling $402.00), OR (2) a form motion to proceed *in forma pauperis* AND supporting documents as set forth above, must be provided to: **Clerk of Court, 700 Grant Street, Suite 3110, Pittsburgh, PA 15219**.

As a result of the above-outlined filing deficiencies by Plaintiff, **IT IS FURTHER ORDERED** that the Clerk of Court mark this CASE ADMINISTRATIVELY CLOSED.

---

[1] The administrative fee is waived for plaintiffs proceeding IFP.

**IT IS FURTHER ORDERED** that Plaintiff may reopen this case by satisfying the filing deficiencies as outlined above. Failure to cure the above-noted deficiencies by **October 2, 2023**, will result in the dismissal of this case for failure to prosecute.

Plaintiff is advised that, if he is found to be eligible for leave to proceed *in forma pauperis*, he will be directed to provide service copies of the amended complaint and completed service forms for each defendant.

Dated: August 31, 2023               BY THE COURT:

                                     */s/Maureen P. Kelly*
                                     MAUREEN P. KELLY
                                     UNITED STATES MAGISTRATE JUDGE


cc:   JONATHAN PAUL JONES
      FT-2789
      SCI SOMERSET
      1590 Walters Mill Road
      Somerset, PA 15510-0001